**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**JAY 2 INVESTMENTS, LLC**                                                       **PLAINTIFF**

**VS.**                                       **CIVIL ACTION NO. 3:19-CV-113-NBB-RP**

**GREAT AMERICAN INSURANCE
COMPANY OF NEW YORK**                                          **DEFENDANT**

## ORDER GRANTING MOTION TO INTERVENE

This matter is before the court on the Amended Motion to Intervene filed by Pride

Construction, LLC ("Pride").   Docket 22.  In its motion and proposed complaint in intervention,

Pride asserts the insurance policy that is the subject of Jay 2 Investments, LLC's action against

Great American Life Insurance Company of New York ("GAIC") was procured by Jay 2

Investments pursuant to its construction contract with Pride so as to provide coverage for loss or

damage to the subject construction project until final payment is made.  As such, Pride claims, it

is a third party beneficiary of the GAIC policy, and Pride seeks to hold GAIC liable for all of

Pride's losses incurred as a result of the damage to the project that gave rise to this litigation.

Pride seeks to intervene in this action of right under Federal Rule of Civil Procedure 24(a) or

alternatively with permission under Rule 24(b).  GAIC opposes Pride's motion.  The court finds

that regardless of whether Pride is entitled to intervene of right under Rule 24(a), a permissive

intervention is appropriate under Rule 24(b), and therefore Pride's motion is well taken and

should be granted.

With respect to permissive intervention, Rule 24 provides that on timely motion, the

court may permit anyone to intervene who "has a claim or defense that shares with the main

action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(B). GAIC concedes that Pride's motion is timely, but GAIC argues there are no common questions of law or fact. The court disagrees. Jay 2 Investments' action against GAIC will turn on the question whether the subject damage to the construction project is covered by the GAIC policy – a question that is central to Pride's claims against GAIC as well. The court finds that Pride's claims and the main action share a vital common question of law and/or fact.

In exercising its discretion in this matter, the court must consider whether intervention will unduly delay or prejudice the adjudication of the original parties' rights. FED. R. CIV. P. 24(b)(3). The court finds that it will not. This case is in its early stages, and GAIC will have adequate time to conduct discovery and prepare pretrial motions with respect to Pride's complaint in intervention. As to Jay 2 Investments, it has stated no opposition to Pride's motion.

THEREFORE, IT IS ORDERED that Pride Construction, LLC's Amended Motion to Intervene is **GRANTED**. Pride Construction, LLC must file its complaint in intervention in the form attached to the motion by September 19, 2019.

This, the 12th day of September, 2019.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE